IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ryan Vance,

    Plaintiff,

    v.

Cargill, Inc.,

    Defendant.

Case No. 2:07-cv-173

JUDGE GRAHAM

**Opinion and Order**

This matter is before the Court on Defendant, Cargill Inc.'s ("Cargill"), Motion to Dismiss Count III of Plaintiff, Ryan Vance's ("Vance") Complaint (Doc. 6). In his Complaint, Vance alleges that he was employed as a Sales Manager for Cargill from June of 2005 through July of 2006. Vance alleges that his sales figures for the 2005-2006 fiscal year, ending May 31, 2006, were exemplary and entitled him to a $45,000.00 bonus under Cargill's 2005-2006 AgHorizons US Sales Plan ("Plan"). Despite his exemplary performance, Vance alleges that he received a "Meets Some" rating in his performance review, was discharged in July of 2006, and paid only a $10,000.00 bonus.

In addition to claims for breach of contract under the Plan and breach of contract relating to his discharge from Cargill, Vance asserts a claim for "wrongful discharge in violation of Ohio public policy." In his Complaint, Vance asserts that Ohio has a public policy "against discharging an employee to accomplish the breaching of contracts for payment which is expressed in the common law." (Pl.s' Compl. ¶ 22.)

It is this claim which Defendant moves to dismiss under Fed.

1

R. Civ. P. 12(b)(6).

I. **Fed.R.Civ.P. 12(b)(6) Standard**

A court may dismiss a complaint for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The court must construe the complaint in a light most favorable to the plaintiff and accept as true all well-pleaded allegations in the complaint. Cooper v. Parrish, 203 F.3d 937, 944 (6th Cir. 2000). A court may grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim. Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978). A court may also grant a motion to dismiss where the face of the complaint reveals that there is an insurmountable bar to relief. Id.

A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. Weiner v. Klais & Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997). The court is not required to accept as true unwarranted legal conclusions or factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10 (6th Cir. 1987).

However, plaintiff need not plead detailed facts or evidence in support of his claims. Fed.R.Civ.P. 8(a) requires only "a short and plain statement of the claim" that will give the defendant fair notice of the nature of plaintiff's claims and the grounds on which those claims rest. Conley, 355 U.S. at 47; E.E.O.C. v. J.H. Routh

2

Packing Co., 246 F.3d 850, 851 (6th Cir. 2000).

**II.  Analysis**

Cargill argues that Ohio does not recognize a claim for the tortious, willful, or malicious breach of contract and does not recognize public policy claims based on similar theories.  Vance argues that it is unconscionable for an employer to terminate its employee "as a bad faith device to avoid payment of a commission" when the employee is otherwise entitled to the commission.  (Pl.'s Mem. in Opp. to Def.'s Mot. 3.)  Vance argues that his claim is not one for the tortious breach of contract, but rather is for Cargill's wrongful termination of his employment to avoid paying him the bonus he earned.

Under Ohio law, employment is generally "at will."[1]  Painter v. Graley, 639 N.E.2d 51, 55 (Ohio 1994) (citing Greeley v. Miami Valley Maintenance Contractors, Inc., 551 N.E.2d 981 (Ohio 1990)). "Traditionally, this doctrine allowed an employer to terminate the employment of his worker 'at will for any cause, at any time whatsoever, even if done in gross or reckless disregard of [an] employee's rights.'" Id. (quoting Phung v. Waste Mgt., Inc., 491 N.E.2d 1114, 1116 (Ohio 1986)) (internal citations omitted). Following Phung, however, the Ohio Supreme Court "expressly recognized a cause of action in tort for wrongful discharge in violation of public policy."  Id. (citing Greeley, 551 N.E.2d at ¶ 3 of Syllabus).

To maintain a claim for wrongful discharge in violation of Ohio public policy, a plaintiff must show: 1) a clear public policy

---

[1] In its Answer and its Motion to Dismiss, Cargill maintains that Vance was an at will employee.  Vance has not countered this allegation.

manifested in the Constitutions of the United States or the State of Ohio, a statute or administrative regulation, or the common law; 2) that dismissals under circumstances similar to the plaintiff's jeopardize the public policy; 3) that the plaintiff's dismissal was motivated by conduct related to the public policy; and 4) that the employer lacked an overriding business reason for the termination. Petrovski v. Fed. Express Corp., 201 F. Supp. 2d 943, 946 (N.D. Ohio 2002) (citing Kulch v. Structural Fibers, Inc., 677 N.E.2d 308 (Ohio 1997)). "An exception to the traditional doctrine of employment-at-will should be recognized only where the public policy alleged to have been violated is of equally serious import as the violation of a statue." Painter, 639 N.E.2d at 56 (citing Greely, 551 N.E.2d at 987). Neither the parties nor the Court have located an Ohio decision ruling on the specific question of whether termination of an at-will employee in order to deprive him of commissions is against public policy and therefore actionable under this doctrine.

Vance cites to numerous decisions that he argues show a policy in favor of ordering payment of commissions and bonuses when an employee completed the services for which he or she would have been compensated had the employer not terminated the employee before the commissions or bonuses were due. As Cargill points out, however, in each of these cases the plaintiff sued under a contractual or quasi-contractual theory, not for the tort of wrongful termination in violation of public policy. See Seidler v. FKM Adver. Co., 763 N.E.2d 1266 (Oh. Ct. App. 2001) (where plaintiff sued for breach of contract, quantum meruit, and unjust enrichment); Finsterwald-Maiden v. AAA South Central Ohio, 685 N.E.2d 786 (Oh. Ct. App.

4

1996) (noting that the plaintiffs did not sue the defendant for wrongful termination and examining whether the plaintiffs and the defendant intended to alter the terms of their at-will employment agreement through the employee handbook); McKelvey v. Spitzer Motor Ctr., Inc., 545 N.E.2d 1331 (Oh. Ct. App. 1988) (finding that the subject employee bonus plan gave rise to a contractual obligation on the part of the employer).

Further, Vance, relying on Smith v. Schoner, 115 N.E.2d 25 (Oh. Ct. App. 1953) and Randolph v. New England Mut. Life Ins. Co., 626 F.2d 1383 (6th Cir. 1975), argues that "it is unconscionable to allow a principle to terminate an agency as a bad faith device to avoid payment of a commission." (Pl.'s Mem. in Opp. to Def.s' Mot. to Dismiss 3.)  While Ohio courts, and courts applying Ohio law, have recognized a claim for the bad-faith termination of an agency agreement, Ohio courts do not recognize a claim for the bad-faith termination of an at-will employee. Edelman v. Franklin Iron & Metal Corp., 622 N.E.2d 411, 415 (Oh. Ct. App. 1993).[2]  Vance has not alleged any facts demonstrating that he was an agent of Cargill.[3]  Therefore, Smith and Randolph do not apply to the facts

---

[2] Edelman was decided before the Ohio Supreme Court's Painter decision.  In Edelman, the Court of Appeals, relying on the Ohio Supreme Court's decisions in Greeley and Tulloh v. Goodyear Atomic Corp., 584 N.E.2d 729, 733 (Ohio 1992), found that a public policy claim for wrongful discharge could not be based on the common law, but only on a statute. Edelman, 622 N.E.2d at 414.  The Ohio Supreme Court later overruled it's prior holding in Tulloh and found that public policy was not limited to statutory enactments, but could be espoused in the common law. Painter, 639 N.E.2d at 56.  Significantly, however, Ohio courts still do not recognize a cause of action for the bad-faith termination of an at-will employee. Vickers v. Wren Indus., Inc., No. 20914, 2005 Ohio App. LEXIS 3366 at * 34 (Oh. Ct. App. Jul. 8, 2005) (citing Edelman, 622 N.E.2d at 410).

[3] Three factors distinguish a principal-agent relationship from an employer-employee relationship: 1) the agent must have the power to alter legal relationships between the principal and third-parties; 2) the agent must be a

of this case as alleged by Vance. It thus appears beyond doubt that Vance can prove no set of facts in support of his claim which would entitle him to relief for his allegedly wrongful termination in violation of public policy.

### III. Conclusion

For the forgoing reasons, Cargill's motion (Doc. 6) is GRANTED and Count III of Vance's Complaint is dismissed.


It is so ORDERED.

                                            s/ James L. Graham
                                            JAMES L. GRAHAM
                                            United States District Judge

Date: April 23, 2007

---

fiduciary of the principal in matters relating to the agency; and, 3) the principal must have the right to control the agent's conduct in matters entrusted to him. Urban Assoc. v. Standex Elecs., Inc., No. 06-1279, 2007 U.S. App. LEXIS 2448 at *40 (6th Cir. Feb. 1, 2007) (quoting Eyerman v. Mary Kay Cosmetics, Inc., 967 F.2d 213, 219 (6th Cir. 1992)).

6